UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYKAI DAVIS,

                          Petitioner,

        -against-

WARDEN,

                          Respondent.

21-CV-8876 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated in USP Thomson in Thomson, Illinois, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the loss of good time credits. For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of Illinois.

## BACKGROUND

Petitioner pleaded guilty to one count of racketeering conspiracy, under 18 U.S.C. § 1962(d), before Judge Vincent Briccetti of this court, and was sentenced to a 100-month prison term. *See United States v. Carlisle*, ECF 7:14-CR-0768-5, 469 (S.D.N.Y. July 10, 2020). Petitioner asserts in this petition that while detained in the Metropolitan Correctional Center (MCC) in New York, New York, from 2015-2017, he was subjected to multiple disciplinary actions that resulted in the loss of good time credits. Petitioner asserts that he has a liberty interest in his good time credits and should not have been deprived of them before his sentencing.

## DISCUSSION

A prisoner may challenge the execution of his sentence, such as disciplinary actions, loss of good time credits, and alleged due process violations, in a petition under 28 U.S.C. § 2241.

*See Carmona v. B.O.P.*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the . . . disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241."); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (prisoners may file a petition under Section 2241 to challenge "computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions"). To entertain a *habeas corpus* petition under Section 2241, however, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief but upon his or her custodian). Thus, venue for a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *see United States v. Vittini-Morey,* No. 99-CR-893 (SAS), 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007) ("[A] section 2241 petition must be brought in the district in which the petitioner is incarcerated, not the district in which petitioner was sentenced."). Petitioner is currently detained in USP Thomson, which is located in Carroll County, Illinois, in the judicial district of the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. § 93(a). Therefore, in the interest of justice, this Court transfers this petition to the Northern District of Illinois.[1] *See* 28 U.S.C. § 1406(a).

---

[1] Petitioner previously requested in his criminal case that Judge Briccetti review the Bureau of Prisons' (BOP) computation of his sentence, including whether he was entitled to time credits. On March 29, 2021, Judge Briccetti informed Petitioner that the BOP had the sole authority to make determinations on credits under 18 U.S.C. § 3585(b), and that a petitioner may seek judicial review of such determinations after exhausting his administrative remedies within the BOP. Judge Briccetti further informed Petitioner that if he disagreed with the BOP's computation of his sentence, he may file a Section 2241 petition in the district court for the district in which he is incarcerated. *United States v. Carlisle*, ECF 7:14-CR-0768-5, 546 (S.D.N.Y. Mar. 29, 2021)

## CONCLUSION

The Clerk of Court directed to transfer this action to the United States District Court for the Northern District of Illinois. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.² This order closes this case.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated: November 19, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

² Petitioner did not pay the $5.00 filing fee or submit an *in forma pauperis* application with his petition.